T.C. Memo. 1997-514

UNITED STATES TAX COURT

JUSTICE JAMES AND LISA ONAH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1546-97.                    Filed November 14, 1997.

Justice James Onah, pro se.

<u>Mark A. Weiner</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3)[1] and Rules 180, 181, and 183.  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to taxable year 1993.  Respondent's motion is based upon petitioners' failure to

_____

[1]  All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.

file their petition for 1993 within the time period prescribed by section 6213(a).

Background

Justice James Onah (petitioner) and Mrs. Onah filed a joint 1995 Federal income tax return, Form 1040, with the Internal Revenue Service at Fresno, California, on April 24, 1996. Petitioners set forth therein that their address was 11684 Ventura Blvd., Apt. 348, Studio City, CA 91604 (the Studio City address). On May 30, 1996, respondent mailed to petitioners a letter advising them that their 1994 Federal income tax return was selected for examination and requesting that they contact "the person named above" within 10 days to arrange an appointment. The May 30, 1996, letter was addressed to petitioners at 21405 Devonshire St., Suite 213, Chatsworth, CA 91311-2940 (the Chatsworth address).

Petitioner mailed a letter dated July 9, 1996, addressed to "IRS, 300 N. Los Angeles St., Los Angeles, Ca 90001" in which he made reference to a letter dated May 19, 1996. The record does not reflect any letter dated May 19, 1996. Petitioner's July 9, 1996, letter contains the statement "We are responding beyond the 10 days stated in your letter because we did not receive your request in time as it was sent to our previous address and therefore delayed getting to us." The letter dated July 9, 1996, contains in the upper right hand corner the following address:

20134 Leadwell St., #222, Winetka, CA 91306 (the Winetka address).

On July 18, 1996, respondent sent, by certified mail, a notice of deficiency to petitioners for taxable year 1993, determining a deficiency in the amount of $5,227. That notice of deficiency was mailed to petitioners at the Studio City address. Subsequently, on December 6, 1996, respondent mailed, by certified mail, a notice of deficiency for taxable year 1994, determining a deficiency of $10,732 and a section 6662(a) penalty of $2,146. Like the 1993 notice of deficiency, the 1994 notice of deficiency was sent to petitioners at the Studio City address. The petition herein was filed on January 27, 1997, timely with regard to the 1994 notice of deficiency but 103 days after the mailing of the 1993 notice of deficiency.

At the hearing in this matter, petitioner testified that petitioners moved from the Studio City apartment to the Winetka address (which is the address set forth on the petition) on or about July 1, 1996. He stated that they did have a forwarding order on record with the post office. He also testified as to a rather unusual mail distribution scheme at the Studio City apartment complex.

According to petitioner, the manager of the Studio City apartment complex went to the post office and picked up the mail for the complex. She then would return to the complex to

distribute the mail.  In accordance with this procedure, the apartment manager would routinely sign for certified mail deliveries at the post office without paying attention to whether the addressee was currently a resident of the apartment complex. If she ultimately discovered that an addressee was no longer residing at the apartment complex, however, she would retain the mail and not forward it or return it to the post office.

Petitioner stated that, from time to time, he would stop in at his former address in Studio City to see if there was any mail for him that had not been forwarded by the post office.  For example, petitioner stated that the post office would not forward magazines, and he would from time to time stop in and pick up these magazines.  In accordance with this procedure, after the mailing of the 1994 notice of deficiency, petitioner stopped in at the Studio City apartment complex and obtained from the manager both notices of deficiency, whereupon petitioners promptly filed the petition herein.

Under these circumstances respondent contends that the petition was untimely with respect to 1993 and should be dismissed for lack of jurisdiction, and that all references to 1993 in the petition should be stricken.  Petitioners, on the other hand, contend that because July 9, 1996, letter contained the Winetka address, respondent was on notice that petitioners had a new address.  He therefore contends that the 1993 notice of

deficiency was not sent to their last known address and was a
nullity.[2]

Discussion

This Court's jurisdiction to redetermine a deficiency
depends upon the issuance of a valid notice of deficiency and a
timely filed petition.  Rule 13(a), (c); Monge v. Commissioner,
93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142,
147 (1988).  Section 6212(a) expressly authorizes the
Commissioner, after determining a deficiency, to send a notice of
deficiency to the taxpayer by certified or registered mail.  It
is sufficient for jurisdictional purposes if the Commissioner
mails the notice of deficiency to the taxpayer's "last known
address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52
(1983).  If a notice of deficiency is mailed to the taxpayer's
last known address, actual receipt of the notice is immaterial.
King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88
T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987);
Frieling v. Commissioner, supra at 52.  The taxpayer, in turn,
has 90 days from the date the notice of deficiency was mailed to

---

[2]  In this regard, we note that even though a notice of
deficiency is not mailed to the taxpayer's last known address, if
the taxpayer timely files a petition with respect thereto, the
petition is timely and we have jurisdiction thereof.
Accordingly, the use of the Studio City address does not affect
the validity of the 1994 notice.

file a petition in this Court for a redetermination of the deficiency.  Sec. 6213(a).

Neither the Internal Revenue Code nor the regulations promulgated thereunder define the phrase "last known address". However, this Court has defined the phrase to mean "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period."  Brown v. Commissioner, 78 T.C. 215, 218 (1982).  In general, that address will be the address reflected on the taxpayer's most recently filed Federal income tax return, absent clear and concise notification of a different address.  Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).  The taxpayer has the burden of proving that the notice of deficiency was not sent to his last known address. Yusko v. Commissioner, supra at 808.

Once the Commissioner becomes aware of an address other than the one on the taxpayer's return, the Commissioner must exercise reasonable care and due diligence in ascertaining the correct address.  Pyo v. Commissioner, 83 T.C. 626 (1984).  Whether the Commissioner has done so is a question of fact.  Weinroth v.

Commissioner, supra.  Although the Commissioner must exercise reasonable diligence in ascertaining the taxpayer's correct address, the burden necessarily falls upon the taxpayer to keep the Commissioner informed of his correct address.  Ramirez v. Commissioner, 87 T.C. 643 (1986); Alta Sierra Vista, Inc. v. Commissioner, supra.  As we have stated, "when a taxpayer changes his address it is he who must notify the Commissioner of such change or else accept the consequences".  Alta Sierra Vista, Inc. v. Commissioner, supra at 374.

In this case, it is undisputed that petitioner's last filed return prior to the mailing of the 1993 notice of deficiency reflected the Studio City address.  Accordingly, the Studio City address was petitioner's last known address unless petitioner gave respondent clear and concise notification that his address had changed.  Petitioner relies on the July 9, 1996, letter reflecting a new address in the upper right hand corner.  We do not consider this clear and concise notification that petitioner's address had changed.  King v. Commissioner, supra at 681; Alta Sierra Vista, Inc. v. Commissioner, supra.

First, the letter is addressed to the Internal Revenue Service (IRS) at its general mailing address and is not addressed to any particular department or individual.  The record does not reflect what happens to letters so addressed.  Respondent does not acknowledge having received that letter.  Indeed, we do not

even know when that letter was mailed, much less when it was received. Moreover, even if respondent had received the July 9, 1996, letter several days later, it is unlikely that there would have been sufficient time to update petitioners' address into respondent's computer records.[3] See <u>Williams v. Commissioner</u>, T.C. Memo. 1989-439, affd. 935 F.2d 1066 (9th Cir. 1991).

Accordingly, we find that petitioner's last known address on July 18, 1996, was the Studio City address, and that the 1993 notice of deficiency was sent to petitioner's last known address. Accordingly, we hold that the petition is untimely filed with respect to 1993, and respondent's motion will be granted.[4]

<u>An appropriate order</u>

<u>will be issued</u>.

---

[3] We also have our doubts regarding the veracity of petitioner's testimony regarding receipt of the 1993 notice of deficiency. We question why petitioner did not receive the 1993 notice of deficiency much earlier than December, if he in fact stopped at his former address "from time to time".

[4] Although petitioner cannot pursue his 1993 case in this Court, he is not without remedy. In short, petitioner may pay the tax, file a claim for refund with the IRS, and if the claim is denied, sue for a refund in the U.S. District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).